UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HERMAN JACOBS,

                Appellant,

      — against —                          03 CV 4958 (SLT)

CONGRESS FINANCIAL CORPORATION,
*et al.*,

                Appellees.
------------------------------------------------------------X   **MEMORANDUM**
VICTOR JACOBS,                                      **and ORDER**

                Appellant,

      — against —                          03 CV 4960 (SLT)

CONGRESS FINANCIAL CORPORATION,
*et al.*,

                Appellees.
------------------------------------------------------------X
JACOB JACOBS,

                Appellant,

      — against —                          03 CV 4961 (SLT)

CONGRESS FINANCIAL CORPORATION,
*et al.*,

                Appellees.
------------------------------------------------------------X
**TOWNES, United States District Judge**:

        Appellants, Herman Jacobs, Victor Jacobs, and Jacob Jacobs, appeal from an August 7, 2003, Order of the United States Bankruptcy Court for the Eastern District of New York (Melanie L. Cyganowski, B.J.), on the grounds that:

1. The bankruptcy court lacks subject matter jurisdiction to appoint a Chapter 7 trustee because the involuntary petitions did not meet the requirements of 11 U.S.C. § 303(b)(1) in that (a) the three petitioning creditors held only one debt, and (b) one debt was the subject of a *bona fide* dispute.

2. The bankruptcy court ignored controlling Second Circuit law and, instead, relied upon a Sixth Circuit case to bar the Jacobses from putting in any evidence to demonstrate that the court lacked subject matter jurisdiction. The bankruptcy court, in essence, held that a party's assertion of his Fifth Amendment right against self-incrimination allows the court to not simply draw an adverse inference, but, rather, to enter an adverse judgment against the party.

3. The bankruptcy court abused its discretion by denying the Jacobses a four-day adjournment of the hearing to allow them to obtain discovery necessary for them to disprove the flagrant hearsay allegations against them.

4. The bankruptcy court erred by failing to compel the petitioning creditors to produce evidence that would have proven the falsity of one of the material allegations against the Jacobses, *i.e.*, that they materially overstated the inventory of the Allou companies.

In determining appeals from orders of the bankruptcy court, this Court reviews questsions of law *de novo* and questions of fact under the "clearly erroneous" standard of review. *See* Fed. R. Bankr. P. 8013 and 7052; *In re Momentum Manufacturing Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); *In re PCH*

*Associates*, 949 F.2d 585, 597 (2d Cir. 1991); *In re Nemko, Inc.*, 202 B.R. 673, 677 (E.D.N.Y. 1996). Discretionary decisions of the bankruptcy court are reviewed for abuse of discretion. *See In re Nemko*, 202 B.R. at 679; *In re Burdick Assoc.*, 150 B.R. 516 (E.D.N.Y. 1993).

After consideration of the submissions of Appellants and Appellees, and on the record here, the Order is AFFIRMED for the reasons stated by the bankruptcy court in its findings of fact and conclusions of law.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2006

                                                           S/
                                       SANDRA L. TOWNES
                                       United States District Judge